IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NICHOLE MARIE DUEWELL,

        OPINION AND ORDER

    Plaintiff,

        13-cv-143-bbc

    v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    This is an appeal of an administrative decision denying plaintiff Nichole Marie Duewell's claim under the Social Security Act, 42 U.S.C. § 405(g), for disability benefits and supplemental security income. Plaintiff alleged that she suffered from numerous physical and mental impairments, including degenerative disc disease, fibromyalgia and depression, but the administrative law judge concluded that she was not disabled because she retained the ability to perform a significant number of jobs.

    Plaintiff challenges the administrative law judge's decision on two grounds: (1) he did not account for a moderate limitation in concentration, persistence and pace in his residual functional capacity assessment; and (2) he relied on testimony from the vocational expert that conflicts with the Dictionary of Occupational Titles. Because I disagree with both of these arguments, I am affirming the decision.

OPINION

A. Concentration, Persistence and Pace

Plaintiff argues that the administrative law judge erred by finding that plaintiff suffered from moderate limitations in concentration, persistence and pace, but failing to incorporate that finding into the limitations he gave to the vocational expert to determine what jobs plaintiff could perform. Although the administrative law judge limited plaintiff to "simple, routine, repetitive tasks, with one or two-step instructions," AR 30, plaintiff says that was not adequate.

At first look, plaintiff's argument seems like a strong one. In O'Connor-Spinner v. Astrue, 627 F.3d 614, 620-21 (7th Cir. 2010), the court stated that, "for most cases, the ALJ should refer expressly to limitations on concentration, persistence and pace in the hypothetical in order to focus the VE's attention on these limitations and assure reviewing courts that the VE's testimony constitutes substantial evidence of the jobs a claimant can do." Relevant to this case, the court stated that, "[i]n most cases . . . employing terms like 'simple, repetitive tasks' on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence and pace." Id. at 620.

However, the court also emphasized that "[w]e have not insisted . . . on a per se requirement that this specific terminology ('concentration, persistence and pace') be used in the hypothetical in all cases." Id. at 619. For example, an administrative law judge need not use those terms when it is "manifest that the ALJ's alternative phrasing specifically

excluded those tasks that someone with the claimant's limitations would be unable to perform." Id. In other words, the lesson from O'Connor-Spinner is not that the administrative law judge must use particular "magic language" when setting forth the plaintiff's residual functional capacity, but rather that the language he uses must reflect all of the limitations that the plaintiff has. Id. (administrative law judge must "ensure that the VE is apprised fully of the claimant's limitations").

In this case, plaintiff has not shown that the limitations identified by the administrative law judge were incomplete. Although the administrative law judge found that plaintiff has moderate limitations in concentration, persistence and pace, the administrative law judge's decision is best read as stating that he found moderate limitations in concentration, persistence and pace *because* of his belief that plaintiff was limited to performing simple tasks. He wrote:

> I find that the claimant has moderate difficulty maintaining concentration, persistence, or pace. Her impairments may be expected to limit her in these areas but not to the point that she cannot perform the simple tasks specified in the RFC adopted here.

AR 30. He repeated the same point later:

> As discussed, the claimant's mental impairments reasonably may be expected to limit her concentration and social interaction; these shortcomings are addressed by the provisions in the RFC specifying simple tasks and no public interaction to perform job duties.

AR 32. Because the plaintiff's limitation in performing complex tasks was the only reason that the administrative law judge found that plaintiff had limitations in concentration, persistence and pace, the administrative law judge accounted for that limitation by stating

that plaintiff could perform only "simple, routine, repetitive tasks."

Citing Listing 12.00(C)(3), plaintiff says that the phrase "concentration, persistence and pace" includes a number of factors such as "sustain[ing] an ordinary routine without special supervision and completing a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." Plt.'s Br., dkt. #20, at 7. See also O'Connor-Spinner, 627 F.3d at 620 ("The ability to stick with a given task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity."). However, plaintiff points to no evidence that would support a finding that she was limited in these other ways. As the commissioner notes, the agency consultant, Jack Spear, found that plaintiff could perform unskilled work. AR 515. Plaintiff criticizes Spear's opinion, but she cites no other opinion that would support greater limitations than those found by the administrative law judge. Although the opinion of plaintiff's treating physician, Michael Oberg, was more equivocal than Spear's, plaintiff does not develop an argument undermining the administrative law judge's conclusion that Oberg's findings "do not preclude all work, including work within the scope of the RFC." AR 32.

In her opening brief, plaintiff says that a limitation to simple tasks does not address limitations related to her depression, dkt. #10 at 19, but she cites no evidence showing how depression limited her mental abilities beyond what the administrative law judge found. She contradicts herself in her reply brief, arguing that "severe pain" is the reason she was limited in concentration, persistence and pace, dkt. #20, at 13, but again, she cites no evidence in

4

support of that view.

As a last resort, plaintiff relies on the proposition that the commissioner has the burden to show that plaintiff is capable of performing a significant number of jobs, but she never explains the relevance of this point. Plaintiff's argument is that the administrative law judge's residual functional capacity assessment does not include all of plaintiff's limitations. I have explained why I believe that it does. Because plaintiff has not shown on appeal that the administrative law judge erred, she is not entitled to a remand.

## B. Vocational Expert

As discussed above, the administrative law judge found in his residual functional capacity assessment that plaintiff was limited to "tasks with one- or two-step instructions." AR 30. Plaintiff says that limitation is inconsistent with the jobs the vocational expert concluded that plaintiff could perform, including hand packer, production inspector and bench assembler. In particular, plaintiff says that the Dictionary of Occupational Titles classifies each of those jobs as having a "reasoning level" of "2," which means that they require the ability "to carry out detailed but involved written or oral instructions." In contrast, jobs with a "reasoning level" of "1" require the ability to "carry out simple one- or two-step instructions." Plaintiff says that the administrative law judge failed to comply with SSR 00-4p, which requires the administrative law judge to "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs or VSs and information in the Dictionary of Occupational Titles."

5

Plaintiff has not shown that the administrative law judge made a reversible error. To begin with, it is not clear why the administrative law judge imposed the limitation for instructions of no more than two steps. At the conclusion of his decision, he notes that plaintiff is "capable of purs[u]ing a bachelor's degree online," so that, "even if the cited occupations require instructions more complex than one or two steps, she could perform them." AR 33. Unfortunately, the administrative law judge did not attempt to resolve the discrepancy in his decision. However, plaintiff does not dispute the administrative law judge's finding that she is pursuing a bachelor's degree and she does not cite any evidence in support of a finding that she is incapable of following instructions with more than two steps.

In any event, even if I assume that there is support for a conclusion that plaintiff cannot follow instructions with more than two steps, the vocational expert's testimony about the requirements for hand packers, production inspectors and bench assemblers is consistent with that limitation:

> Q: A hand packer—what sort of instructions does a hand packer follow?
>
> A: Typically, a hand packer is light level. He is picking up an object, placing it into a small bag—perhaps one or two small objects. Such as the items that might accompany drapery rods, the instruction would be to—the two objects should be picked up, or—should be placed or put into the bag.
>
> Q: And how about a production inspector?
>
> A: Typically, it's a similar thing. These are [INAUDIBLE] inspectors. They're basically picking up an object. They might—and gauge or they might visually look at it. It's good, it goes in and if it's bad, it goes in a—place.
>
> Q: And a bench assembler?

A: A similar thing. You'd be assigned one component of a small product. You'd either—entered [sic] a screw, put together two small pieces, put the finished product to the side.

AR 88-89.

As the commissioner observes, SSR 00-04p allows a vocational expert to rely on her own experience to explain any discrepancies with the Dictionary. Because plaintiff does not identify any aspect of the vocational expert's testimony that would support a conclusion that the jobs the expert identified required an ability to follow instructions of more than two steps, she has not shown that she is entitled to a remand on this issue.

ORDER

IT IS ORDERED that plaintiff Nichole Marie Duewell's motion for summary judgment is DENIED and the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, is AFFIRMED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 9th day of January, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge